(June 4, 2004)

■ In the Matter of WILLIAM S. WOLFSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [777 NYS2d 791]—

---

Per Curiam. Respondent was admitted to practice by this Court in 2000. He was also admitted to practice in 1976 in New Jersey where he maintained a law office.

The Supreme Court of New Jersey suspended respondent from the practice of law for six months effective March 20, 2004. The Court imposed discipline as a result of respondent's December 19, 2002 admission to acts constituting criminal sexual contact in violation of New Jersey law.

Petitioner moves for an order imposing reciprocal discipline (*see* 22 NYCRR 806.19). Respondent consents to petitioner's motion. However, he requests that the suspension run concurrently with the New Jersey discipline since the underlying events occurred outside the practice of law, he has no prior disciplinary history and cooperated with petitioner.

A review of the record indicates that due process was afforded respondent and there is no defense to the imposition of reciprocal discipline as set forth in this Court's rules (*see* 22 NYCRR 806.19 [d]). Therefore, we conclude that respondent should be reciprocally suspended in New York for a period of six months, effective nunc pro tunc as of March 20, 2004 (*see Matter of Apovian*, 140 AD2d 736 [1988]).

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective March 20, 2004, and until further order of this Court; and it is further ordered that respondent, for the period of suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).